## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

EDWIN HERNANDEZ and EGLA CORP, )
                                )
                    Plaintiffs,  )        No. 25-mc-00216-JAR-TJJ
                                )
v.                              )        Relating to an Action
                                )        Pending in the United States District Court
                                )        for the Southern District of Florida
STINGRAY GROUP, INC., et al.,    )        Case No. 1:24-cv-21226-RAR
                                )
                    Defendants.  )

### MEMORANDUM AND ORDER

Pending before the Court is the Motion to Quash Subpoena Duces Tecum and for Protective Order ("Motion to Quash") (Dkt. No. 1). The Motion to Quash was filed by National Content & Technology Cooperative ("NCTC"), a non-party in the related action. Plaintiffs Edwin Hernandez and EGLA Corp. (collectively "Plaintiffs") served a subpoena issued out of the Southern District of Florida upon NCTC on September 17, 2025. The subpoena ordered NCTC to produce documents and requested to depose a NCTC corporate representative in Overland Park, Kansas. NCTC timely served written objections to Plaintiffs in response to the subpoena's request for document production. On October 6, 2025, NCTC filed the present Motion to Quash. NCTC served the Motion to Quash on Plaintiffs' counsel and other counsel of record in the Southern District of Florida matter via email on October 6, 2025. No response was filed to the motion. For the reasons set forth below, NCTC's Motion to Quash (Dkt. 1) is granted.

The underlying lawsuit relates to a technology known as OSE2, developed by Stingray Digital Group Inc. ("Stingray"). Stingray offers various audio music channels that consumers can access via various platforms, including via certain cable TV subscriptions and streaming platforms. In the underlying lawsuit, Plaintiffs allege that Stingray misappropriated their trade secrets in

1

developing certain products that Stingray offers and/or technology that supports those products. NCTC is not a party to the underlying litigation. NCTC is a Kansas not-for-profit corporation that operates as a programming and hardware purchasing organization for its hundreds of members. NCTC itself does not utilize OSE2 (or any of Stingray's offerings, regardless of the underlying technology); rather, NCTC facilitates the availability of channels such as Stingray's audio music channels to NCTC members. In other words, NCTC members who opt to offer Stingray's channels to their consumers may participate in that agreement. There is only one NCTC member involved in the underlying lawsuit, defendant Blue Stream Communications ("Blue Stream"). Blue Stream offers Stingray channels, but NCTC claims that those channels utilize OSE1 technology, not OSE2. As noted in Plaintiffs' Fourth Amended Complaint, OSE1 is "not accused of infringement and trade secret misappropriation by Plaintiffs."[1] NCTC therefore argues that documents as to Blue Stream's use of any Stingray technology are not relevant to the underlying lawsuit.

Federal Rule of Civil Procedure 45(d)(3)(A)(i)–(iv) *requires* the Court to quash or modify a subpoena that (1) fails to allow a reasonable time to comply, (2) requires a person to comply beyond the geographical limits specified in Rule 45(c), (3) requires disclosure of privileged or other protected matter, if no exception or waiver applies, or (4) subjects a person to undue burden.[2] Subsections 45(d)(3)(B)(i)–(ii) of the Rule *permit* the court to quash or modify a subpoena that requires (1) disclosure of a trade secret or other confidential research, development, or commercial information, or (2) disclosure of an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested

---

[1] Resp'ts' Fourth Am. Compl., Dkt. 2-2, at ¶ 79.

[2] Fed. R. Civ. P. 45(d)(3)(A)(i)-(iv).

by a party.[3] Federal Rule of Civil Procedure 26(c) provides that a court, upon a showing of good cause, "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."

Whether a subpoena imposes an undue burden upon a witness is a case specific inquiry that turns on "such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed."[4] Though irrelevance is not contained within the list of enumerated reasons for quashing a subpoena under Rule 45, the scope of discovery under a subpoena is that same as the scope of discovery under Rule 26(b) and 34.[5] Courts must balance the need for discovery against the burden imposed on the person ordered to testify as a witness and to produce documents.[6] The status of the subpoenaed person as a non-party weighs against disclosure.[7] "Demonstrating relevance is the burden of the party seeking discovery."[8]

The subpoena generally seeks agreements, communications, and documents related to NCTC's relationship with Stingray and technology used by Stingray. In the Motion to Quash, NCTC states it "is merely a consumer of Stingray and does not have visibility into the underlying technology that Stingray uses as part of its service."[9] NCTC argues the subpoena (1) fails to

---

[3] Fed. R. Civ. P. 45(d)(3)(B)(i)-(ii).

[4] *Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter of Haverstraw, Inc.*, 211 F.R.D. 658, 663 (D. Kan. 2003).

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] Mem. in Support of Mot. to Quash, Dkt. 2, p. 3.

comply with the Federal Rules of Civil Procedure, (2) imposes an undue burden on NCTC, and (3) requires the disclosure of trade secrets. Plaintiffs failed to respond to the Motion to Quash,[10] and have not demonstrated the relevance of the discovery sought. Further, the subpoena's requests are not reasonably tailored in terms of time, subject matter, document type, and/or scope, and appear to be overly broad on their face.[11] Imposing this burden on non-party NCTC is inappropriate and not in compliance with the Federal Rules of Civil Procedure, and the Court grants NCTC's Motion to Quash.

**IT IS THEREFORE ORDERED** that National Content & Technology Cooperative's Motion to Quash Subpoena and for Protective Order (Dkt. 1) is **GRANTED**.

Dated April 3, 2026, at Kansas City, Kansas.

Jennifer B. Wieland
U. S. Magistrate Judge

---

[10] *See* D. Kan. Rule 7.1(c) ("A party opposing a motion must file a response, and the moving party may file a reply within the time provided by D. Kan. Rule 6.1(d). If a response is not filed by the applicable deadline, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice.").

[11] *Dr. Greens, Inc. v. Spectrum Lab'ys, LLC*, No. 12-MC-226-KHV-GLR, 2012 WL 3111746, at *3 (D. Kan. July 31, 2012) (finding subpoena overly broad when it seeks "all written communication").